# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| **VICTOR AGUIRRE,** *et al.*, | § | |
| | § | |
| **V.** | § | **CASE NO. 1:14-CV-67** |
| | § | |
| | § | |
| **ISC CONSTRUCTORS, LLC** | § | |
| **f/k/a INDUSTRIAL SPECIALTY** | § | |
| **CONTRACTORS** | § | |

## ORDER ADOPTING
## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The court referred this case to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration. The magistrate judge submitted a report and recommendation on the defendant's pending motions to dismiss and/or quash summons. Judge Giblin recommended that the Court grant two of the motions to dismiss and order the plaintiffs to file an amended pleading within ten days. He also recommended that the Court grant the third motion to dismiss and dismiss 25 of the plaintiffs' claims without prejudice.

The defendant timely filed objections to the magistrate judge's Report and Recommendation. The Court accordingly conducted a *de novo* review of the objections, the pleadings, the record, and the applicable law. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b). After careful consideration, the Court concludes that the objections should be overruled.

Defendant's objections generally argue that the magistrate judge misapplied Fifth Circuit precedent governing the factors to consider in determining whether to dismiss the plaintiffs' claims. *See Objections* [Doc. #28], at pp. 2-6. Defendant argues that Fifth Circuit precedent does not require

the analysis of the "aggravating factors" utilized by Judge Giblin in his report. *See Objections*, at p. 2; *Report*, at 13-16. A review of the report and recommendation, however, shows that Judge Giblin properly considered the governing precedent in reaching his decision.

Judge Giblin cited Fifth Circuit precedent for the proposition that dismissals with prejudice as a sanction for a delay in service are generally only affirmed upon a finding of at least one of three aggravating factors: (1) the delay was caused by the plaintiff himself and not his attorney, (2) actual prejudice to the defendant, and (3) the delay was caused by intentional conduct. *See Report,* at pp. 13 (citing *Coleman v. Sweetin*, 745 F.3d 756, 766 n.9 (5th Cir. 2014) and *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)). This Court's review of the applicable case law shows that Judge Giblin's analysis was correct. The Fifth Circuit has repeatedly held that dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Millan v. USAA GIC*, 546 F.3d 321, 325 (5th Cir. 2008) (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)). Consequently, the Fifth Circuit has limited district courts' discretion to dismiss claims with prejudice. *Id*. Citing *Price*, 792 F.2d at 474. A district court's "dismissal with prejudice is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff' exists and a 'lesser sanction would not better serve the interests of justice.'" *Id*. Quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981) . Additionally, as stated above, where the Fifth Circuit has affirmed dismissals with prejudice, it has generally found at least one of the three aggravating factors stated above. *Id.*

The magistrate judge conducted a detailed analysis, applying the legal standards outlined above. Judge Giblin concluded that while the plaintiffs' actions in failing to properly serve the defendant represented a clear record of delay, he found that none of the aggravating factors existed

to support a dismissal with prejudice under the circumstances. *See Report*, at pp. 14-16. Defendant objects by stating that "the aggravating factors of delay caused by 'intentional conduct' and 'actual prejudice' are not subjective, colloquial terms; rather, they are legal terms that courts (including the Fifth Circuit) have specifically construed." *See Objections*, at p. 3. As cited by the defendant, the Fifth Circuit has indeed stated that aggravating factors must "usually" be found; but it has not stated that they must "always" be found to affirm dismissal with prejudice. *See Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006). At the same time, such a sanction is reserved for the most egregious of cases, *usually* where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors. *Id*. at n.4 (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (emphasis in original).

After a review of the report, the Court disagrees with the defendant's characterization of the magistrate judge's findings. Judge Giblin specifically addressed the aggravating factors and concluded that they were not present. Defendant points to no precedent for its contention that the magistrate judge treated those aggravating factors as "subjective, colloquial terms." The record reveals that Judge Giblin throughly reviewed and considered the complicated procedural history and the record giving rise to the defendant's motions before conducting his analysis. *See Report*, at pp. 2-12. Judge Giblin also discussed the prejudice to ISC caused by plaintiffs' delay in service, but he found several means by which that prejudice could be alleviated. *See Report*, at p. 16. In its objections, ISC reiterates its argument that it will be prejudiced by being forced to conduct discovery after a year of active discovery with other defendants has taken place. *See Objections*, at pp. 6-7. However, the Court is unpersuaded that Judge Giblin's specific proposals for curing that prejudice in this case are insufficient. The Court also notes that the claims against ISC have been severed and

consolidated into this new case number, separate from the plaintiffs' claims against numerous other defendants, which alleviates ISC's concerns about "belated participation" and being late to the litigation while other defendants have had the opportunity to engage in discovery. *See Objections*, at p. 7.

ISC also argues that it will suffer severe and actual prejudice if the plaintiffs are allowed to proceed on claims which may have otherwise been extinguished by statute of limitations issues. *See Objections*, at p. 6. ISC argues that "jurisprudence is clear that the only equitable remedy in these circumstances is dismissal." *Id.* However, after a *de novo* review, the Court concludes that the situation in this case does not rise to the necessary level of egregiousness warranting dismissal of the plaintiffs' claims in their entirety, with prejudice, as more fully discussed by Judge Giblin in his report and dictated by the case law cited herein. Judge Giblin considered the proper factors and conducted an exhaustive review of the facts and procedural history in this case before making his recommendation. The undersigned agrees with his conclusions.

Therefore, the Court **ORDERS** that the defendant's Objections [Doc. #28] are **OVERRULED.** The Court concludes that the magistrate judge's findings of fact and conclusions of law of are correct. The Report and Recommendation [Doc. #27] is, therefore, **ADOPTED**. Based on Judge Giblin's recommended disposition, the Court **ORDERS** as follows:

Defendant's Motions to Dismiss and/or Quash [Doc. #6 and Doc. #17] are **DENIED** as to the defendant's request that the plaintiffs' claims at issue in those motions be dismissed with prejudice. Pursuant to Judge Giblin's recommendation, the plaintiffs originally asserting claims against defendant ISC Constructors in 1:12-CV-228 and 1:13-CV-414 are **ORDERED** to file an amended pleading within **ten (10) days** of this order. Plaintiffs are directed to review Judge Giblin's

directions regarding this amended pleading.  *See Report*, at pp. 17-18.

The Court further **ORDERS** that the Motion to Dismiss [Doc. #20] based on the severed claims of the plaintiffs originally listed in the *Hamilton* case, 1:12-CV-388, is **GRANTED**.  The following plaintiffs' claims against ISC are therefore **DISMISSED,** without prejudice:

>Victoriano Alonso Jaramillo
>
>Edgar Alberto Cavazos
>
>Patrick Cleal Derry, Jr.
>
>Kevin Allan Dicken,
>
>Fernando Medina Galvan
>
>Miguel Asiel Gonzalez, Jr.
>
>Kevin Zuresh Gonzalez
>
>Mario Omar Gutierrez
>
>Shawn Allen Hamilton
>
>Hector S. Hernandez
>
>Shannon Lucas Howard
>
>Barnie Howell, Jr.
>
>Zachary Scott Hulet
>
>Isaac Joseph Louis, Jr.
>
>Jose Mario Martinez, Jr.
>
>Michael Charles McGallion
>
>Melesio Galvan Medina
>
>Antonio Apolinar Morales, Jr.

Juan Gregorio Ortega

Kuong Minh Pham

Jesus Rodriguez

Jose Luis Rodriguez

Patrick Wade Stout

Sergio Quintanilla Vega

Martin Adrusbel Vela

The Clerk is directed to **TERMINATE** those parties as active plaintiffs from the docket in this cause number.

So **ORDERED** and **SIGNED** this **29** day of **September, 2014.**

_____
Ron Clark, United States District Judge